UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LYNN RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | 1:16-cv-1106-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF, STACY LYNN RODRIGUEZ, AND AGAINST NANCY A. BERRYHILL. ACTING COMMISSIONER OF SOCIAL SECURITY** |

**I.  INTRODUCTION**

Plaintiff Stacy Lynn Rodriguez ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. (Docs. 1 and16). The Commissioner filed an Opposition. (Doc.18). The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

Austin, United States Magistrate Judge.[2] After reviewing the administrative record and the pleadings, the Court finds the ALJ did not apply the correct legal standards, and that the decision is not supported by substantial evidence. Plaintiff's appeal is GRANTED IN PART. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND AND PRIOR PROCEEDINGS[3]

Plaintiff filed an application for DIB on May 24, 2012, alleging a disability beginning January 19, 2011. AR 27; 227-230. Her application was denied initially on December 14, 2012, and on reconsideration on June 18, 2013. AR 27; 144-148; 150-155. ALJ Regina L. Sleater conducted a hearing on August 13, 2014 (AR 45-82), and published an unfavorable decision on September 12, 2014. AR 27-39. Plaintiff filed an appeal and the Appeals Council denied the request for review on June 1, 2016, rendering the order the final decision of the Commissioner. AR 3-8; 42 U.S.C. §§ 405(g); 1383(c).

## III. ISSUES FOR JUDICIAL REVIEW

Plaintiff alleges that the ALJ improperly found she was not eligible for benefits. Specifically, Plaintiff argues that: (1) the ALJ failed to properly assess her treating physician's opinion, and (2) the ALJ failed to properly assess Plaintiff's non-exertional impairments by improperly rejecting her testimony. Plaintiff requests that the case be remanded for an award of benefits, or alternatively, that the case be remanded for further proceedings. (Doc. 16, pgs. 18-28). The Commissioner opposes each of these arguments and contends that: (1) the ALJ properly discounted Dr. Owen's opinion, and (2) that the ALJ properly considered Plaintiff's non-exertional limitations and properly assessed her credibility. Therefore, the ALJ's decision should be affirmed. (Doc. 18, pgs. 5-15).

## IV. THE MEDICAL RECORD

The Court has reviewed the entire medical record and the relevant sections will be discussed below as necessary.[4] AR 305-597.

---

[2] The parties consent to magistrate judge jurisdiction. *See*, Docs. 5 and 6.

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] The Court notes that the ALJ did a comprehensive summary of the medical evidence and neither party is contesting

2

## V. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1513.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)(4).

## VI. SUMMARY OF THE ALJ'S FINDINGS

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 27-39. At step one, she

---

the contents of the summary. Therefore, the Court need not reiterate the contents of all of the records and incorporates the ALJ's summary into this order. AR 30-37.

found that Plaintiff had met the insured status requirements through December 31, 2016, and that Plaintiff had not engaged in substantial gainful activity since June 19, 2011, the application date. AR 29. At step two, the ALJ identified degenerative disc disease of C5-6 and C6-7 with lightheadedness from pain medication as severe impairments. AR 29-30. At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 30.

Based on a review of the entire record, the ALJ found Plaintiff's testimony not to be credible. The ALJ further determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except that she could: lift and carry less than ten pounds frequently and ten pounds occasionally; stand and walk for four hours out of an eight hour workday; sit without restrictions; and occasionally climb, balance, kneel, walk on uneven terrain, and crawl. The ALJ also found that Plaintiff should not climb ladders; work at unprotected heights; or work in extreme cold. AR 30. After considering the testimony of a vocational expert, the ALJ determined that Plaintiff could not perform her past relevant work as a private care nurse, but that there were a significant number of jobs in the national economy that Plaintiff could perform including a charge clerk, an assembler, and an order clerk. AR 37-38. Therefore, Plaintiff was not disabled under the Social Security Act. AR 38-39.

**VII. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

///

**VIII. DISCUSSION**
### A. The ALJ Improperly Evaluated the Medical Evidence

Four doctors completed a functional assessment of Plaintiff's impairments: (1) Dr. Owen, D.O., Plaintiff's treating physician; (2), Dr. Fabella,, M.D., a consultative examining physician, (3) Dr. Fast, M.D., a non-examining physician, and (4) Dr. Eric Schmitter, M.D., a non-examining medical expert who testified at the hearing. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). Here, the ALJ gave the most weight to Dr. Fabella's (the examining doctor) opinion. Because there were contradictory medical opinions, and the ALJ rejected the treating and non-examining doctors' findings, she needed to provide specific and legitimate reasons for doing so. *Ghanim v. Colvin*, 763 F. 3d 1154,1161 (9th Cir. 2013); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Plaintiff contends that Dr. Owen who treated Plaintiff over a period of many years, was in the best position to evaluate her complex medical condition, including her use of narcotic drugs and the affect that her pain medication had on her ability to work. She argues that the ALJ's evaluation of the medical evidence is not supported by substantial evidence because the ALJ did not give specific and legitimate reasons for rejecting Dr. Owen's opinions. (Doc. 16, pgs. 18-23). The Commissioner argues that the ALJ gave good reasons to reject Dr. Owen's opinion and the decision is supported by substantial evidence.[5] (Doc. 18, pgs. 5-10). A review of the record reveals that the ALJ's analysis with regard to Dr. Owen's opinion is not supported by substantial evidence.

### *a. Dr. Owen*

Dr. Owen was Plaintiff's treating physician beginning 2007 until the time of the hearing. AR 32-37; 368-403; 418-433; 590-597. He saw Plaintiff regularly during this time period and gave three functional assessments of Plaintiff's abilities. The first opinion was issued on October 11, 2012, wherein he noted that pain and/or side effects of medications would have a moderate

---

[5] The Commissioner acknowledges that the law in this Circuit requires an ALJ to articulate clear and convincing/specific and legitimate reasons when rejecting a treating physician's opinion. However, the Commissioner maintains that this standard is inconsistent with the deferential substantial evidence standard set forth in 42 U.S.C. § 405(g). (Doc. 18, pg. 6, n. 2).

5

effect on her attention and concentration, and that she could not complete skilled work tasks. AR 400. The ALJ gave this opinion some limited weight as it was consistent with taking large amounts of narcotic medications. AR 35; 400.

On that same day, Dr. Owen also opined that Plaintiff could sit for three hours in a day and stand for two hours, and alternating these positions would be required. He found Plaintiff would also be limited in her ability to push and pull, and she could not use her hands repetitively or use her feet for repetitive movements. Dr. Owen opined that Plaintiff would not be able to perform full time work. AR 35; 401-403.

Dr. Owen completed another functional assessment on August 13, 2014. At that time, he opined the Plaintiff could only lift and carry five pounds occasionally; she should never climb, stoop, kneel, crouch, crawl; and could only occasionally balance, reach above the shoulder, or sit. AR 596-597. He also reported that fatigue from the medications would prevent Plaintiff from working full-time even in a sedentary position. AR 596-597. The ALJ rejected these two opinions.

### b. *Dr. Fabella*

Dr. Fabella, M.D., examined Plaintiff at the request of the state agency on May 14, 2013. AR 436-441. Dr. Fabella diagnosed cervicalgia with radiculopathy and a "narcotic side effect in the form of lightheadedness and somnolence." AR 440. Dr. Fabella concluded that Ms. Rodriguez could lift and carry ten pounds occasionally and less than ten pounds frequently; stand and walk for four hours out of an eight-hour day; and climb, balance, kneel, walk on uneven terrain, and crawl occasionally. He also opined that climbing ladders, and working at heights or in the cold should be avoided. AR 440-441. The ALJ gave Dr. Fabella's opinion the greatest weight because he was board certified in internal medicine, he personally examined the Plaintiff, and his conclusions were consistent with the overall medical evidence of record. AR 36.

### c. *Drs. Fast and Schmitter*

Dr. Fast, M.D. reviewed the medical record on June 17, 2013, he noted that Plaintiff's symptoms were amenable to surgery but that her use of narcotic pain medication was out of proportion to the expected amount of pain. AR 36; 125-126. After reviewing the records of Dr.

Owen and neurosurgeons at UCSF (Dr. Kanwarpaul Grewal AR 521-522), Dr. Fast recommended a light RFC with postural restrictions. AR 125-126. The ALJ only summarized this doctor's opinion and did not indicate the weight she was giving it. AR 37.

Dr. Eric Schmitter, M.D., testified at the hearing. AR 58-63. He diagnosed degenerative arthritis of the cervical spine which was verified by an EMG study showing, "chronic C6, and left nerve root irritation." AR 58-59. He also noted that Plaintiff's treatment (which included surgery) was delayed because she had an "addictive personality" and some narcotic (pain reliever) issues. AR 59. He opined that Plaintiff could perform light work with occasional postural limitations, but that she could not climb ropes or tolerate extremes to cold. AR 60-61. The ALJ gave this opinion some weight.

When evaluating the medical evidence, the ALJ correctly noted that disability determinations are ultimately reserved for the Commissioner pursuant to SSR 96-5p . AR 35. She rejected Dr. Owen's opinions on the basis that his findings were "inconsistent with his own progress notes, wherein he indicated that Plaintiff was in no acute distress, she had intact motor strength in the upper and lower extremities, and her sensory examinations were intact. AR 35; 457. The ALJ also rejected Dr. Owen's opinions on the basis that ". . . throughout the record [Plaintiff's] gait and stance is within normal limits, and there is no indication that she would have any problems operating foot controls." AR 35. Although the ALJ did not give examples to support this assertion, previously in the decision, the ALJ noted that Parley W. Madsen, M.D., "examined the claimant on March 14, 2011, and noted that her gait was steady and her distance was not limited." AR 32; 324. Additionally, the ALJ noted that Dr. Ames, M.D. (from UCSF Medical Center), observed that heel and toe walking were normal, tandem gait was normal, there was a reasonable range of motion in her neck, and "good strength at 5/5 and equal across the muscles in her upper extremities." Plaintiff was also without pathologic reflexes. AR 33; 344. The ALJ also noted that Dr. Ames examined Plaintiff subsequently in 2013 and noted that, a "physical examination revealed she was fully oriented, and had normal range of motion of the neck. She had normal strength, and normal reflexes with no sensory deficits. She displayed a negative Romberg sign Coordination and gait was normal." AR 33-34; 447.

When giving Dr. Fabella's opinion the greatest weight, the ALJ rejected all of the other doctor's opinions because Dr. Fabella's assessment was most consistent with the medical record. AR 35-37. However, the ALJ's analysis of the medical evidence is problematic because when Dr. Fabella did his assessment, he acknowledged that he had not seen any of the objective studies and had only reviewed one note from Dr. Owen noting back pain and refilling medications. AR 436. The objective studies in question included two cervical MRI's that were done April 2, 2013 (AR 512-513; 594) and July 22, 2014. AR 595. Similarly, Dr. Schmitter also testified that he had not seen MRI's that were done after 2011. AR 63. Since neither of these doctors had access to the most recent objective studies at the time of their assessments, rejection of the treating physician's opinion, who did have access to all of the records and who had treated Plaintiff over a period of years, is not supported by substantial evidence. Moreover, the ALJ never formally addressed Dr. Fast's opinion. Although it can be inferred from the rest of the opinion that the ALJ rejected Dr. Fast's light RFC findings based on her reliance of Dr. Fabella's opinion, she did not give specific or legitimate reasons for doing so. This is improper.

## IX. REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS

The Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits, or whether this action should be remanded to the Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d 995, 1021 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

Here, a review of the ALJ's decision and the record indicates that plaintiff's drug use may

be affecting her treatment. Specifically, the ALJ found that Dr. Ames noted that Plaintiff "is on significant doses of pain medications that are out of context with the severity of her scans." AR 33; 344. Moreover, a saliva test taken on June 3, 2014 revealed that Plaintiff had taken Hydrocodone, Norhydrocodone, Noroxycodone, Oxycodone, Tramadol, Carisoprodol, and Meprobate, and that she violated her pain contract with Dr. Owens. AR 34; 585; 586. Later in her treatment, Plaintiff was told by Dr. Sorenson not to fill prescriptions from any other physicians. Despite this admonishment, she refilled a prescription written by Dr. Owen for 200 pills. AR 34; 590.

Given these findings and the lack of an appropriate review of the medical doctors' opinions, the Court finds that remanding for benefits is not appropriate. On remand, the ALJ shall re-evaluate the medical evidence and order any additional examinations she deems appropriate. Any subsequent decision shall discuss what weight is assigned to each physician's opinion, the reasons for making such a determination, and why substantial evidence supports that conclusion. The ALJ should then formulate a RFC that encompasses any limitations and/or opinions that are supported by substantial evidence.

Importantly, the Court expresses no opinion regarding how the evidence should ultimately be weighed, or how any ambiguities or inconsistencies should be resolved on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony provided that the ALJ's determination complies with applicable legal standards, is clearly articulated via appropriate reasoning provided in the decision, and is supported by substantial evidence in the record. Conversely, the ALJ may ultimately find plaintiff disabled during the appropriate period. If the ALJ makes this finding, she shall address whether Plaintiff's drug addiction is a contributing factor to the determination of disability. *See*, 20 C.F.R. § 404.1535(a); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Because the Court remands this case for renewed consideration of the medical evidence, the Court dispenses with an exhaustive analysis of the evaluation of Plaintiff's credibility as it relates to her non-exertional limitations. The re-evaluation of the medical evidence may impact the ALJ's findings in this area and it cannot be adequately determined at this time whether the

ALJ's findings were proper and supported by substantial evidence. On remand, the ALJ will have an opportunity to further consider this issue, and address the medical evidence and non-medical testimony in context of the record as a whole. The ALJ will also be free to reevaluate her analysis and/or further develop the record with respect to the rejection of Plaintiff's pain testimony.

**X. CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal against the Commissioner of Social Security IN PART. This action is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court shall enter judgment in favor of Plaintiff, Stacy Lynn Rodriguez, and against Nancy A. Berryhill, Commissioner of Social Security. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **December 15, 2017**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE